| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------X<br>In re:<br><br>FKF 3, LLC,<br><br>                              Debtor.<br>-------------------------------------------------------------X | Hearing Date: 1/24/11<br>Hearing Time: 10:00 a.m.<br><br>Case No. 10-37170-cgm<br>Chapter 11 |

## LIMITED OBJECTION TO THE ADEQUACY OF THE DISCLOSURE STATEMENT

**TO THE HON. CECELIA G. MORRIS - U.S. BANKRUPTCY JUDGE:**

The undersigned is the attorney for Arnold Garelick ($5,599,380.24), Susan Garelick ($200,000.00), Associates of Rockland ($200,000.00), Uri Sasson ($3,980,000.00), Ari Sasson ($50,000.00), Tami Sasson ($50,000.00) and Elan Sasson ($50,000.00)collectively referred to as the "Objecting Creditors". As noted, the Objecting Creditors represent a significant portion of the unsecured debt in this case.[1]

    1.    The Objecting Creditors support the proposed Chapter 11 Plan and the ultimate transfer of the assets of FKF 3, LLC to the FKF Trust as contemplated by the proposed Chapter 11 Plan. The Objecting Creditors have opposed the application of John Magee to convert the case to a proceeding under Chapter 7 returnable at the same time as this application.

    2.    Notwithstanding the support of the Objecting Creditors to the Chapter 11 Plan, it is believed that there are omissions in the Disclosure Statement. The Objecting

---

[1] The Objecting Creditors are aware that insiders have filed significant claims which, in addition to being subordinated claims, any claim by Mr. Dorfman, Mr. Klein or Mr. Magee are subject to significant offsets and claims arising as a result of their misconduct in either transferring assets of the Debtor or converting funds.

Creditors have reviewed and incorporate by reference the objection of the Office of the U.S. Trustee.

3. The primary concern of the Objecting Creditors is the omission of the name of the intended FKF Trustee and who would be members of the FKF Trust Board. It is particularly critical to Uri Sasson who, despite his request, was not selected to sit on the Creditors Committee. Notwithstanding the decision of the Office of the U.S. Trustee to exclude him, Mr. Sasson, in particular, has been very active in attempting to determine the location of assets and details of the mismanagement of the Debtor by the members of FKF 3, LLC: Mitchell Klein, Burton I. Dorfman and John Magee. Mr. Sasson has been at every hearing at this Court and has been completely cooperative with the Debtor and the Creditors Committee in his attempt to unravel the financial affairs of the Debtor.

4. Without knowing the members of the Trust Board, and Mr. Sasson has made it clear he is interested in being a member, the creditors do not have sufficient information to know whether their interests will be protected or who will be managing the liquidation of the $60 million dollars in assets which form the estate.

5. While it is understood that it is difficult to determine the amount of Administrative Expense claims, it is respectfully submitted that an estimate should be included for each of the professionals who would seek to be paid in full as a Chapter 11 Administrative Expense Claim.

6. Additionally, on Page 4 of the Disclosure Statement, there is a reference to Secured Claims which would be paid in full but there is no clarification of those Secured Claims. Upon information and belief, Forest Hill Mall, LLC is asserting that it holds an assignment of a mortgage held by FKF 3, LLC against property generally referred to as

Aventine Edgewater. It is a position of the Objecting Creditors that this assignment is improper and unsupportable and should not be allowed. Unfortunately, this is not properly addressed in the Disclosure Statement and, at the very least, should be clarified in the description of Class II.

7. The Objecting Creditors would like to see the Disclosure Statement contain a more detailed description of the pending issues raised in this case and, more particularly, the dispute between the three equity members and the Debtor. The Objecting Creditors are aware that Magee has filed a Notice of Appeal from an adverse Decision in this Court and it is submitted that the creditors should have some opinion by counsel of the success of that Appeal.

8. Additionally, the Objecting Creditors believe that there should be more information for each of the assets set forth in Exhibit "B", including, but not limited to, the likelihood of recovery and the status of the collection actions.

9. The Bar Date has passed and, therefore, it is respectfully urged that the creditors should be aware of the universe of claims and the priority of filed claim including the position of the Creditors Committee and the Debtor as to the "allowability" of the claims.

10. The creditors should also be aware of the cost of operating the FKF 3, LLC Trustee, the court costs, U.S. Trustee fees and related expenses in managing the Trust.

11. Additionally, and while it may be premature, it is urged that the Disclosure Statement should discuss the potential analysis of the FKF 3, LLC business operation as a "Ponzi" Scheme and the potential benefits and the risks to the creditors, if the Debtor is ultimately determined to have operated as a "Ponzi" Scheme. While, upon information and belief, there may be certain tax benefits to the creditors, the creditors may also be subject

to "claw backs". The creditors need to know who would be making that determination and prosecuting any claims arising therefrom.

**WHEREFORE**, it is respectfully prayed that this Court deny the approval of the Disclosure Statement in the form submitted and direct the Debtor to incorporate the additions contained herein, together with such other and further relief as to the Court may seem just and proper.

Dated: New City, New York
January 17, 2011

ELIZABETH A. HAAS, ESQ., PLLC
Attorneys for the Objecting Creditors

_____
ELIZABETH A. HAAS, ESQ.
254 So. Main St., Suite 210
New City, N.Y. 10956
(845) 708-0340
info@thehaaslawfirm.com

TO: Marc Stuart Goldberg, Esq.
81 Main Street
Suite 205
White Plains, NY 10601
mgoldberg@mslegal.com

Henry N. Christensen, Jr., Esq.
Norton & Christensen
60 Erie Street
P.O. Box 308
Goshen, NY 10924
hncnc@frontiernet.net

Lawrence R. Reich, Esq.
Reich, Reich & Reich, P.C.
235 Main St.
Suite 450
White Plains, NY 10601-2421
reichlaw@aol.com

G. Wayne Day, Esq.
Day Seckler LLP
300 Westage Business Center Drive
Suite 403
Fishkill, NY 12524
wday@dayseckler.com

JOSEPH J. HASPEL, ESQ.
Attorney for BURTON DORFMAN
40 Matthews Street, Suite 201
Goshen, N.Y. 10924
Jhaspel@haspellaw.net; jjhaspel@warwick.net

JAMES A. SARNA, ESQ.
SARNA & ASSOCIATES, P.C.
Attorneys for MARC JACOBS IRA
328 North Broadway, 2nd Fl.
Upper Nyack, N.Y. 0960
james@sarnalaw.com

KAREN L. ZDANIS, ESQ.
Attorney for ANN & JAY SCHNEIDER and FRAN KALMAN
55 Old Turnpike Road, Suite 204
Nanuet, N.Y. 10954

MEISELMAN, DENLEA, PACKMAN, CARTON & EBERZ, P.C.
Attorneys for BLUE SKY, LLC, BLUEBERRY HILL CORP.,
BLUEBERRY INVESTORS, FOREST MALL, ELI JOSEPHS,
JUDY JOSEPHS and RUTH JOSEPHS
1311 Mamaroneck Avenue
White Plains, N.Y. 10605
rbaker@mdpcelaw.com; jbauchner@mdpcelaw.com; pfreiberg@mdpcelaw.com

JAMES B. TULLY, Creditor, *Pro Se*
5 Erik Court
Nanuet, N.Y. 10954

ERIC J. SMALL, ESQ.
OFFICE OF THE U.S. TRUSTEE
74 Chapel Street, Suite 200
Albany, N.Y. 12207
USTPRegion02.PK.ECF@USDOJ.GOV
and via fax: 518-434-4459

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS
CARRIE V. HARDMAN, ESQ.
FRED STEVENS, ESQ.
KLESTADT & WINTERS, LLP
570 7th Avenue, 17th Fl.
New York, N.Y. 10018
chardman@klestadt.com
fstevens@klestadt.com