UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                              :
                                                   :     Chapter 11
FKF 3, LLC,                                        :
                                                   :     Case No. 10-37170 (CGM)
                    Debtor.                        :
-----------------------------------------------------------x

**STIPULATION AND AGREED ORDER BETWEEN DEBTOR AND
OFFICIAL COMMITTEE OF UNSECURED CREDITORS GRANTING
THE COMMITTEE THE RIGHT TO PURSUE CLAIMS RELATED TO
THE ONE MADISON PARK PROJECT**

In this stipulation (the "Stipulation"), (A) FKF 3, LLC, the above-captioned debtor (the "Debtor"), and (B) the Official Committee of Unsecured Creditors in the Debtor's (the "Committee") (parties to the stipulation are collectively referred to herein as the "Parties"), have agreed to allow the Committee to prosecute the estate's rights with respect to the One Madison Park project, according to the terms set forth below.

**RECITALS**

A. The Debtor was created and run by its members, Mitchell Klein, Burton Dorfman and John Magee (collectively, the "Members"), as a real estate lending fund. Over the years, the Debtor took in over $60 million in loan monies. At this time, the Debtor's primary asset is a $60+ million loan portfolio, comprised of over twenty various loans, including the loan to the One Madison Park project that is the subject of this Stipulation. Serious allegations have been made by various parties in interest in the Debtor's case regarding alleged improprieties by the Members, including allegations that they induced loans through fraudulent means, loaned the Debtor's funds in related businesses and enterprises without disclosing same, and diverted funds and opportunities from the Debtor to themselves. These allegations are currently being investigated by the Debtor and Committee.

B. At the insistence of certain creditors, at least two of the three members of the Debtor consented to the modification of the Debtor's membership agreement, and employment of an impartial, third-party professional to manage the Debtor. Accordingly, on or around June 10, 2010, the Debtor entered into an agreement with Day Seckler LLP providing for Day Seckler LLP's management of the Debtor. With the Committee's support, the Debtor filed an application for the Court's approval of Day Seckler LLP's retention and service as the manager of the Debtor. That application was approved on December 14, 2010.

C. On July 19, 2010 (the "Petition Date"), three creditors of the Debtor filed an involuntary petition against the Debtor for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the or this "Court") [DE 1]. On August 8, 2010, the Debtor filed an answer to the involuntary petition and consented to the entry of an order for relief under chapter 11 [DE 6], and on August 9th, the Court entered an order for relief [DE 8].

D. On October 27, 2010, the United States Trustee (the "UST") appointed Kevin Romano, Elias Josephs, Kathryn Bareket, Walter Klauser and Rabbi Ely J. Rosenzveig, to the Committee [DE 51, amended at 52][1]. The Committee represents a large percentage of the outstanding claims against the Debtor, and has been very active in the administration of this case since its inception.

E. Among the over twenty loans in the Debtor's portfolio are loans and

---

[1] In the interests of full disclosure, Committee members Kevin Romano and Walter Klauser each have certain purported equity interests in entities involved in the OMP project. Also, Howard Josephs, the brother of Committee member Elias Josephs, has similar purported interests. The Committee and all of its members are well aware of these interests, and have determined with the assistance and advice of the Committee's counsel, that the relationships will not impair the affected Committee members' ability to discharge their fiduciary obligations to unsecured creditors and preserve and maximize the Debtor's estate's interests in the OMP Claims. To the extent any conflicts do arise, they will be dealt with in the normal course by excluding those Committee members that have conflicts from the relevant decisions.

related claims in connection with a real estate project for the construction of condominiums at One Madison Park, New York, New York (the "OMP Loans"). The claims related to the OMP Loans include, but may not be limited to: (i) the Debtor's rights as the payee under a certain promissory note dated in or around August 14, 2008 and maturing on or around December 31, 2009, in the principal amount of $29,715,567; (ii) those claims alleged and asserted, or that could be alleged and asserted, in a certain lawsuit captioned *FKF 3, LLC, v. Slazer Enterprises Owner LLC, Slazer Enterprises LLC, Ira Shapiro, Heather Shapiro, marc Jacobs and Rochelle Jacobs*, Index No. 12371/09 (Supreme Ct., N.Y.S.); and (iii) any other rights or claims of the Debtor or its estate with respect to the OMP Loans (collectively, the "OMP Claims").

F. The prosecution of the OMP Claims has been complicated by the bankruptcy filing against Slazer Enterprises Owner LLC and affiliated debtors[2] in the proceeding captioned *In re Slazer Enterprises Owner LLC, et al.*, Case No. 10-11870 (Bankr. DE Jun. 8, 2010) (Gross, B.J.). The Committee believes that the proper prosecution of the OMP Claims may require active litigation in the Delaware bankruptcy proceeding, and significant time and attention by the Debtor's estate and professionals.

G. The goal of the Debtor and Committee in this case is to quickly propose and confirm a plan of liquidation for the Debtor that will consolidate all rights, claims and interests of the estate into a trust. However, before that can happen, certain claims, like the OMP Claims, must be actively pursued. In the interests of using the estate resources and professionals most efficiently, the Debtor and Committee believe it best to make some division of the work that needs to be done in this case. Accordingly, the Debtor and Committee have agreed that the Committee shall have the right to, and responsibility for, pursuing the OMP Claims, until such

---

[2] Affiliated debtors include FKF Madison Group Owner LLC, JMJS 23rd Street Realty Owner LLC, and Madison Park Group Owner LLC.

3

time as those rights can be consolidated in a trust pursuant to a confirmed plan of liquidation.

**NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED AS FOLLOWS**:

1. The Committee shall have the right to take positions on behalf of the Debtor's estate with respect to the OMP Claims, and to prosecute the OMP Claims on behalf of the Debtor's estate. The Committee shall still consult with the Debtor with respect to the OMP Claims in the same manner the Debtor will consult with the Committee in the claims that it is handling.

2. In ceding control over the prosecution of the OMP Claims to the Committee, the Debtor is transferring any and all responsibility for the prosecution of those claims to the Committee. Effective as of the date this Stipulation is "So Ordered", the Debtor and its management shall not be responsible for pursuing the OMP Claims.

3. The Committee shall be required to follow and obey the Bankruptcy Code and Bankruptcy Rules with respect to its pursuit of the OMP Claims. Among other things, the Committee cannot compromise any controversy of the OMP Claims without Court approval pursuant to Bankruptcy Rules 2002 and 9019.

4. Without waiving the attorney-client privilege or any other applicable privilege or confidentiality requirement with respect to any other party, the Committee shall be granted access to all communications, documents and other data related to the OMP Claims, even if protected under an applicable privilege.

5. The Parties represent that this Stipulation constitutes the entire agreement among them in this matter and that this Stipulation may not be changed, modified or altered in any way or manner, except in writing, signed by the party against which such change,

modification or alteration is sought to be enforced.

6. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Any signature delivered by a party via telecopier transmission shall be deemed an original signature hereto.

7. The Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to this Stipulation, including, without limitation, for the purposes of enforcing the terms and conditions of this Stipulation.

| | |
|---|---|
| Dated: Fishkill, New York<br>December 15, 2010 | Dated: Franklin Lakes, New Jersey<br>December 15, 2010 |
| FKF 3, LLC | OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR FKF 3, LLC |
| By: *s/ G. Wayne Day*<br>G. Wayne Day, Manager | By: *s/ Kevin Romano*<br>Kevin Romano, Chairperson |
| Dated: White Plains, New York<br>December 15, 2010 | Dated: New York, New York<br>December 15, 2010 |
| REICH REICH & REICH, P.C. | KLESTADT & WINTERS, LLP |
| By: *s/ Jeffrey A. Reich*<br>Lawrence R. Reich<br>Jeffrey A. Reich<br>235 Main Street, 4th Floor<br>White Plains, NY 10601<br>Telephone: (914) 949-2126<br>Facsimile: (914) 949-1604<br>Email: reichlaw@aol.com | By: *s/ Fred Stevens*<br>Fred Stevens<br>Carrie V. Hardman<br>570 Seventh Avenue, 17th Floor<br>New York, New York 10018<br>Telephone: (212) 972-3000<br>Facsimile: (212) 972-2245<br>Email: fstevens@klestadt.com |
| *Attorneys for Debtor FKF 3, LLC* | *Attorneys for Official Committee of Unsecured Creditors of FKF 3, LLC* |

**"SO ORDERED"**

Dated:   Poughkeepsie, New York
             January 28, 2011

                                            /s/ Cecelia Morris
                                          HONORABLE CECELIA G. MORRIS
                                          UNITED STATES BANKRUPTCY JUDGE